IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-330-CR




PAUL ANTHONY SCALES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0910921, HONORABLE WILFORD FLOWERS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine,
a controlled substance, with intent to deliver. Tex. Health & Safety Code Ann. § 481.112 (West
1992). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for fifty-five years.

 In four points of error, appellant contends that the district court erroneously
admitted in evidence a tape-recorded statement taken from appellant in violation of his
constitutional right to counsel and that the evidence is insufficient to sustain the judgment. We
find these contentions to be without merit.

 On November 14, 1990, Austin police officers went to appellant's residence to
execute a search and arrest warrant. Appellant fled in his car, pursued by officers assigned to this
task. During the ensuing chase, an officer saw appellant remove something from the sun visor
of his automobile. Later, appellant almost lost control of his vehicle as he turned at an
intersection. Shortly thereafter, appellant stopped and surrendered to the police. After appellant's arrest, an officer returned to the intersection where appellant had his near-accident. 
As he suspected he would, the officer found in the street a pill bottle containing seventeen rocks
of crack cocaine. It is for the possession of this cocaine that appellant was convicted in this cause.

 The officers who searched appellant's house found crack cocaine, marihuana, and
a large amount of cash. Charges were filed against appellant accusing him of possessing the
controlled substances found in the house. Because no one had seen appellant throw the pill bottle
from his car, and because the bottle bore no legible fingerprints or other link to appellant, no
charges were filed at that time accusing appellant of possessing the cocaine in the bottle.

 In January 1991, while appellant was in jail awaiting trial, an informer told the
police that appellant was trying to hire someone to kill an assistant district attorney. Hoping to
learn more about these alleged threats on the life of the assistant district attorney, two undercover
officers wearing recording devices were placed in a holding cell with appellant. The undercover
officers knew that appellant had been arrested on drug charges growing out of a search warrant,
but did not know any details of the case. The officer who testified at appellant's trial stated that
he was investigating only the alleged threats and that he was not seeking to learn more about the
drug charges pending against appellant. (1) While talking to the undercover officers, appellant
described his arrest saying, "I ran because I had dope in the car. I threw it out of the car. Then
I let them stop me like a mile away from the dope."

 Thus supplied with this evidence linking appellant to the pill bottle found lying in
the street, the State obtained the instant indictment. That portion of the tape recording quoted
above was admitted in evidence at trial and is the subject of appellant's first two points of error. 

 The Sixth Amendment prohibits the police from deliberately seeking incriminating
statements from the accused outside the presence of counsel. Maine v. Moulton, 474 U.S. 159
(1985); Massiah v. United States, 377 U.S. 201 (1964). The Sixth Amendment right to counsel
does not attach, however, until formal adversary judicial proceedings have been initiated. 
Michigan v. Jackson, 475 U.S. 625 (1986); Kirby v. Illinois, 406 U.S. 682 (1972). Moreover,
the Sixth Amendment is "offense-specific" and cannot be invoked once for all future prosecutions. 
McNeil v. Wisconsin, ___ U.S. ___, ___; 115 L.Ed.2d 158, 166 (1991). At the time the
undercover officers talked to appellant and recorded the challenged statement, appellant had been
indicted for possessing the controlled substances found in his house. Thus, his Sixth Amendment
right to counsel had attached in that proceeding. But because the instant cause had not been
formally initiated at the time of the statement, appellant's Sixth Amendment right to counsel had
not attached in this cause. Appellant urges that the Sixth Amendment should be deemed to have
attached in this cause because it grows out of the same transaction for which he had been indicted,
but this argument is contrary to the cited Supreme Court authority.

 "[T]o exclude evidence pertaining to charges as to which the Sixth Amendment
right to counsel had not attached at the time the evidence was obtained, simply because other
charges were pending at that time, would unnecessarily frustrate the public's interest in the
investigation of criminal activities." Maine v. Moulton, 474 U.S. at 180. Because appellant's
Sixth Amendment right to counsel had not attached in this cause when he made the incriminating
statement to the undercover officers, the statement was admissible. Id. at 180 n. 16. Point of
error one is overruled.

 In his second point of error, appellant contends that the admission of the statement
violated his right to counsel under the Texas Constitution. Tex. Const. art. I, § 10. Again, he
urges this Court to hold that when formal adversary proceedings have been initiated, the right to
counsel attaches to all offenses committed during the same transaction and not merely to the
offense charged. In Forte v. State, 759 S.W.2d 128 (Tex. Crim. App. 1988), the court announced
that the right to counsel under the Texas Constitution would not be deemed to attach at some
arbitrary point in time. Instead, each case would be judged on whether the particular pretrial
confrontation necessitated counsel's presence in order to protect a known right or safeguard. Id.
at 138. One year later, however, the Court of Criminal Appeals abandoned the Forte rule,
concluding that "the classification of a period in the criminal process as `critical' on a case by
case basis is ambiguous, vague, and thus unworkable." McCambridge v. State, 778 S.W.2d 70,
75 (Tex. Crim. App. 1989). Instead, the court held that under Tex. Const. art. I, § 10, a critical
stage in the criminal process does not occur, and thus the right to counsel does not attach, until
formal charges are brought against the suspect. Id. at 76. Appellant's proposed "same
transaction" test for the right to counsel is contrary, we believe, to both the letter and spirit of the
holding in McCambridge. By requiring the police and the courts to speculate about whether a
particular offense was or was not part of the same transaction, it would reintroduce the ambiguity
that the McCambridge court sought to end by adopting a bright line rule.

 We hold that because this cause had not been formally initiated when appellant
made the incriminating statement to the undercover officers, his right to counsel under the Texas
Constitution had not attached. Point of error two is overruled.

 In point of error three, appellant urges that the evidence fails to prove that he
possessed the cocaine. To recapitulate, the cocaine in question was in a pill bottle found in the
street at the intersection where appellant briefly lost control of his car during his flight from the
officers. No one saw appellant throw this bottle from his car and there is no physical evidence
linking the bottle to appellant. The only link between appellant and the cocaine is his statement
to the undercover officers.

 In essence, appellant's argument under this point of error is that the word "dope"
is too ambiguous to link him to the cocaine. Appellant testified that he threw a baggie of
marihuana from his car, and that this was the "dope" he referred to in his conversation with the
undercover officers. Of course, the jury was free to disbelieve appellant's testimony. 

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). Appellant's observed behavior on the afternoon in question is entirely
consistent with and explained by his statement to the undercover officers. He fled in his
automobile ("I ran because I had dope in the car"), he reached for something in the sun visor and
skidded through an intersection ("I threw [the dope] out of the car"), he then stopped and
surrendered ("I let them stop me like a mile away from the dope"). The bottle containing the
crack cocaine was found in the intersection. Under the circumstances, it would be a remarkable
coincidence indeed if someone else, whether by accident or deliberately, left a bottle containing
seventeen rocks of crack cocaine in that intersection.

 A rational trier of fact could find from the evidence that appellant exercised care,
custody, and control over the bottle of cocaine with knowledge of its contents. The third point
of error is overruled.

 Appellant's last point of error is that the State failed to prove that he possessed the
cocaine with intent to deliver. Appellant argues that under the evidence it is equally possible that
he possessed the cocaine for personal use only.

 Austin police officer Dennis Clark testified that he had been a narcotics officer for
six years. In his experience, pill bottles of the sort involved in this cause are used by crack
dealers because the top can be flipped off easily and the contents dumped on the ground. Clark
also testified that while it was possible for a serious addict to use seventeen rocks of crack cocaine
over a period of a few days, he believed that this amount indicated possession for the purpose of
distribution.

 The jury also heard testimony concerning the controlled substances found in
appellant's residence. Twenty-two rocks of crack cocaine, twenty-two small packages of
marihuana, a large bag of bulk marihuana, and two $1000 bundles of cash were found in
appellant's closet. Appellant denied any knowledge of these items, suggesting that they were the
property of his roommate, but he admitted that the suit he wore at trial was shown in a photograph
of the items in the closet. 

 From the large amount of cash and controlled substances, much of it packaged as
if for sale, shown to be in appellant's possession, a rational trier of fact could find that appellant
possessed the cocaine with the intent to deliver. The fourth point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: September 16, 1992

[Do Not Publish]
1. The other undercover officer was an agent with the Bureau of Alcohol, Tobacco and
Firearms, and was no longer in Austin at the time of trial.